UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON DAY, | No. 2:13-cv-1043 DAD P |
| Plaintiff, | |
| v. | ORDER |
| JUDGE DAVID REED, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. For the reasons discussed herein, the court will dismiss this action.[1]

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 5)

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

1   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
3   their employees under a theory of respondeat superior and, therefore, when a named defendant
4   holds a supervisorial position, the causal link between him and the claimed constitutional
5   violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
6   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
7   concerning the involvement of official personnel in civil rights violations are not sufficient. See
8   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

10         In the present case, plaintiff has identified Yolo County Superior Court Judge David Reed
11   as the sole defendant. In his complaint plaintiff alleges that Judge Reed has misinterpreted the
12   law as it relates to plaintiff's petition for restoration of sanity. In plaintiff's view, Judge Reed
13   dismissed his petition in error. Plaintiff also alleges that Judge Reed has refused to hear his
14   Marsden motion to remove his public defender from his case. However, after filing his complaint
15   plaintiff has filed a declaration with this court stating that Judge Reed held a hearing on his
16   Marsden motion, and therefore, he wishes to abandon this claim. In terms of relief, plaintiff
17   requests monetary damages. (Compl. at 5 & Attachs. & Pl.'s Decl. Filed June 28, 2013)

## DISCUSSION

19         The court will dismiss plaintiff's complaint for failure to state a cognizable claim for
20   relief. Judge Reed is entitled to absolute immunity. See Schucker v. Rockwood, 846 F.2d 1202,
21   1204, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts
22   taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the
23   judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in
24   nature."); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome
25   by allegations of bad faith or malice …."); Meek v. County of Riverside, 183 F.3d 962, 965 (9th
26   Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are
27   done maliciously, or are in excess of his authority."). Here, plaintiff has not set forth any
28   allegations in his complaint that if proven would demonstrate that judicial immunity should not

apply in this case.

Moreover, insofar as plaintiff's state criminal proceedings are ongoing, federal courts are barred from directly interfering with them absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a § 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, plaintiff has not alleged any such extraordinary circumstances and, of course, plaintiff may raise his constitutional claims in any ongoing criminal proceedings pending against him in state court. See Younger, 401 U.S. at 48-50; Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Finally, based on the circumstances of this case, the undersigned concludes that it is plaintiff cannot cure the deficiencies of his complaint, and therefore, dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim; and
2. This action is closed.

Dated: January 29, 2014

DAD:9
day1043.56

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE